FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 JUN 30  A 10: 14

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| FILA LUXEMBOURG S.À.R.L.<br>26 Boulevard Royal<br>Luxembourg L-2449<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FILAWATCHES.COM<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 1:14cv819-AJT-TRJ

## IN REM COMPLAINT

Plaintiff Fila Luxembourg S.à.r.L. ("Fila") by its undersigned counsel, as and for its In Rem Complaint against Defendant FILAWATCHES.COM alleges as follows:

### NATURE OF THE CASE

1. This is an *in rem* action for cybersquatting under the Federal Anticybersquatting Consumer Protection Act (Trademark Act of 1946, 15 U.S.C. § 1125(d)).

### JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this action under § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331 and 1338. This court has *in rem* jurisdiction over the aforementioned domain name pursuant to § 43(d)(2)(A) of the Trademark Act of 1946, 15 U.S.C. § 1125(d)(2)(A). According to the WhoIs records, the registrant of the subject domain name is Retkie Industries Ltd., an entity with a mailing address of FT A 18/F Vita Tower, HK, and an administrative address of 8th Floor, Block

3, Tai Ping Industrial C, Hong Kong. The Plaintiff is unable to obtain *in personam* jurisdiction over the registrant.

3. Venue is proper in this judicial district pursuant to § 43(d)(2)(C) of the Trademark Act of 1946, 15 U.S.C. § 1125(d)(2)(C), in that the domain name registry is situated in this judicial district.

## THE PARTIES

4. Fila is a société à responsabilité limitée organized and existing under the laws of Luxembourg, with its principal place of business at 26 Boulevard Royal, Luxembourg.

5. According to the WHOIS records for the defendant domain name, the listed location of the registrant, Retkie Industries Ltd. (hereinafter, the "Company"), is FT A 18/F Vita Tower, HK.

6. FT A 18/F Vita Tower, HK is not a location that exists in the United States.

7. According to the WHOIS records for the defendant domain name, the listed location of the Company's administrative contact is 8th Floor, Block 3, Tai Ping Industrial C, Hong Kong.

8. 8th Floor, Block 3, Tai Ping Industrial C, Hong Kong is not a location that exists in the United States.

9. The Company is using the domain name <filawatches.com> in a manner that infringes Fila's trademarks.

## FILA'S RIGHTS IN THE FILA MARK

10. Founded in Italy in 1911, Fila is one of the world's largest sportswear manufacturers, offering its sportswear, footwear, and accessories to millions of customers in the United States and worldwide.

11. Since at least as early as 1984, Fila, directly and/or through its subsidiaries, affiliates, and

licensees, has sold watches bearing the FILA mark and has widely promoted and advertised the FILA mark in connection with watches.

12. The United States Patent and Trademark Office has recognized Fila's exclusive rights in the FILA mark by issuing federal registrations for this mark, including the following:

| Mark | Registration No. | Registration Date |
|---|---|---|
| FILA (logo) | 1,564,119 | November 7, 1989 |
| FILA (logo) | 1,465,549 | November 17, 1987 |
| FILA (logo) | 1,606,409 | July 17, 1990 |
| FILA (logo) | 2,065,693 | May 27, 1997 |
| FILA | 4,245,213 | November 20, 2012 |

These registrations constitute prima facie or conclusive proof of Fila's exclusive rights to the FILA mark.

13. Prior to the acts complained of herein, Fila adopted and began using its FILA mark in connection with sportswear, footwear, and accessories, including watches. Since that time, Fila has used its FILA mark continuously and extensively in interstate commerce, and in the Commonwealth of Virginia, in connection with the advertising and sale of its goods under this mark. Fila's use of the FILA mark includes extensive use of said mark on the Internet and in connection with the domain names <fila.com> and <filatime.com>.

14. Consumers have come to recognize the FILA mark because of Fila's highly popular footwear, clothing, and accessories.

15. Fila has invested substantial sums of money in developing and marketing its goods under the FILA mark.

16. Each year, millions of Fila customers worldwide obtain goods offered under the FILA mark, and millions are exposed to the FILA mark through advertising and promotion, including on the Internet.

17. The FILA mark has been and continues to be widely publicized through substantial advertising throughout the United States. Fila has spent millions of dollars in connection with such advertising, which has been disseminated through various media, including the Internet. Fila owns several Internet domain names through which it promotes its goods, including <fila.com>. Fila also engages in substantial advertising of FILA-branded goods in connection with sporting and entertainment events. The products are reviewed and promoted in fashion magazines and online fashion columns.

18. As a result of Fila's substantial advertising and promotion of its FILA-branded goods, the general public has come to associate this mark with Fila and its high-quality goods.

19. Because of said substantial advertising expenditures, the FILA mark has become very well-known and famous among members of the purchasing public as a distinctive indicator of the goods offered by Fila.

## THE COMPANY'S UNLAWFUL UTILIZATION OF THE FILA MARK

20. Notwithstanding Fila's prior rights in the well-known and distinctive FILA mark, the Company is using the <filawatches.com> domain name with the bad faith intent to profit from the goodwill associated with the FILA mark. The domain name <filawatches.com> has its situs in this judicial district because the ".com" domain name registry and registry operator, VeriSign, Inc., and the sponsoring registrar Network Solutions, LLC, are located in this district.

21. The Company is a former manufacturer for a former licensee of Fila. On January 1, 2008, Fila entered into a license agreement with Fila Watches Ltd. ("Fila Watches") to have Fila Watches manufacture, advertise, distribute, and sell watches bearing the FILA mark.

22. The Company was listed as an approved manufacturer under this license, and Fila Watches agreed to ensure that the Company adhered to all of Fila Watches' obligations under the license agreement, including those relating to Fila's trademarks.

23. The license agreement expressly acknowledged that Fila Watches shall not have any right, title, or interest in the FILA mark or any goodwill associated with the FILA mark.

24. During this time, the Company obtained the domain name <filawatches.com>.

25. On July 16, 2010, Fila terminated the license agreement with Fila Watches, thereby cancelling Fila Watches' authority to manufacture watches bearing the FILA mark or otherwise use the FILA mark.

26. On July 19, 2010, Fila sent a letter to the Company informing it that Fila had terminated its agreement with Fila Watches.

27. Outside counsel for Fila sent a letter to Fila Watches demanding that the domain name <filawatches.com> be transferred to Fila. Fila Watches refused to do so.

28. Despite the termination of the license agreement, and Fila's express objections, the Company continues to use the domain name in bad faith in connection with a website that prominently displays Fila's FILA mark, along with its F Logo. The website indicates that the page is "Under Renovation," and includes a contact at "marketing@filawatches.com." A copy of the website is enclosed as Exhibit A.

29. The Company is using the domain name <filawatches.com> in bad faith to benefit from misdirected Internet traffic from consumers who search for Fila's products and watches, and its www.fila.com and www.filatime.com websites.

30. The Company's use of a domain name that incorporates Fila's distinctive FILA mark with the generic word "watch," which is one of the products that Fila offers, is likely to cause confusion among customers and prospective customers who visit the website at www.filawatches.com.

31. The Company has engaged in said infringing use despite having actual knowledge of Fila's prior rights in the FILA mark. Thus, the Company has acted unlawfully, with a willful and deliberate intent to cause confusion among customers and prospective customers and to injure Fila.

## COUNT I

### VIOLATION OF FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

32. Paragraphs 1 through 30 of this Complaint are incorporated by reference as part of this count.

33. Fila owns several federal registrations for its FILA mark, including a federal registration covering watches. The FILA mark is distinctive and famous within the meaning of Section 43(c)(1) of the Trademark Act of 1946, 15 U.S.C. § 1125(c)(1).

34. The Company is the domain name registrant and administrative contact for the domain name <filawatches.com>, and has used and is using said domain name with the bad faith intent to profit from Fila's mark and reputation.

35. The Company registered, trafficked in, used and is using the domain name <filawatches.com>, which is confusingly similar to Fila's FILA mark. Fila's FILA mark was distinctive and famous at the time that <filawatches.com> was registered.

36. The <filawatches.com> domain name violates Fila's common law and registered rights in its FILA trademark.

37. Fila is not able to obtain *in personam* jurisdiction over the Company or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

38. The Company's infringing conduct is causing and is likely to cause substantial injury to the public and to Fila, and Fila is entitled to be the registrant of <filawatches.com> pursuant to 15 U.S.C. § 1125(d)(2)(D)(i).

**WHEREFORE**, Fila prays for judgment as follows:

Under 15 U.S.C. § 1125(d), VeriSign, as the registry operator of domain names in the ".com" generic Top Level Domain, Network Solutions, LLC, as the registrar of <filawatches.com>, be ordered to transfer to Fila the domain name <filawatches.com>, and that the Court grant such other additional relief as this Court deems equitable and proper.

Dated: June 30, 2014

Respectfully submitted,

James R. Davis, II
Virginia Bar No. 42704
ARENT FOX LLP
1717 K Street, N.W.
Washington, D.C. 20036-5342
202.857.6169 (Phone)
202.857.6395 (Fax)
Jim.Davis@arentfox.com

*Attorneys for Plaintiff Fila Luxembourg S.a.r.L*

**Of Counsel:**

Anthony V. Lupo, Esquire
Anthony.Lupo@arentfox.com
Luna M. Samman, Esquire
Luna.Samman@arentfox.com
ARENT FOX LLP
1717 K Street, N.W.
Washington, D.C. 20036-5342
202.857.6000 (Phone)
202.857.6395 (Fax)

*Attorneys for Plaintiff Fila Luxembourg S.a.r.L.*